UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AISHA SCOTT, ARIELLE COSBY, and SALMA TARMIL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AAM HOLDING CORP., d/b/a FLASHDANCERS GENTLEMENT'S CLUB, 59 MURRAY ST. ENTERPRISES INC., d/b/a FLASHDANCERS GENTLEMEN'S CLUB, BARRY LIPSITZ, BARRY LIPSITZ JR., SHAUN DOE, JIMMY DOE, and ALAINA DOE. <br><br> Defendants. | Case No. l:23-cv-01909(ALC) <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY THE ACTION** |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    POINT I    ALL DISPUTES CONCERNING THE ENFORCEABILITY OF ANY OF TERMS OF THE ARBITRATION AGREEMENTS ARE FOR THE ARBITRATOR ............................................................... 2

    POINT II    NONE OF THE CLAUSES IN THE ARBITRATION PROVISIONS ARE UNCONSCIONABLE ............................................... 3

    POINT III    CPLR 7515 DOES NOT PRECLUDE ARBITRATION OF PLAINTIFFS' DISCRIMINATION CLAIMS ........................................... 5

CONCLUSION ............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................................................5

*Brady v. Williams Capital Grp., L.P.*,
  14 N.Y.3d 459, 902 N.Y.S.2d 1, 928 N.E.2d 383 (2010) ........................................................4

*Combs v. Same Day Delivery Inc.*,
  No. 1:22-CV-00520-MKV, 2023 WL 6162196 (S.D.N.Y. Sept. 20, 2023) ..............................5

*Dixon v. Dollar Tree Stores, Inc.*,
  No. 22-CV-131S, 2023 WL 2388504 (W.D.N.Y. Mar. 7, 2023), appeal withdrawn,
  No. 23-504, 2023 WL 6459811 (2d Cir. Aug. 1, 2023) ...........................................................6

*Faith v. Khosrowshahi*,
  No. 21CV06913JMAJMW, 2023 WL 5278126 (E.D.N.Y. Aug. 16, 2023) ............................3

*Foran v. Nat'l Football League*,
  No. 18-cv-10857 (ALC), 2019 WL 2408030 (S.D.N.Y. June 7, 2019) ...................................2

*Germosen v. ABM Indus. Corp.*,
  No. 13 Civ. 1978 (ER), 2014 WL 4211347 (S.D.N.Y. Aug. 26, 2014) ...................................6

*Green Tree Financial Corp.–Ala. v. Randolph*,
  531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) .............................................................4

*Hegazy v. Halal Guys, Inc.*,
  No. 22CV01880JHRKHP, 2023 WL 8924092 (S.D.N.Y. Dec. 27, 2023) ..............................5

*Kai Peng v Uber Tech., Inc.*,
  237 F Supp 3d 36 (E.D.N.Y. 2017) .........................................................................................3

*Keller v. About, Inc.*,
  21-CV-228 (JMF), 2021 WL 1783522 (S.D.N.Y. May 5, 2021) ............................................5

*O'Sullivan v. Jacaranda Club, LLC*,
  206 N.Y.S.3d 562 (N.Y. App. Div. 1st Dept. 2024) ................................................................5

*Ortegas v G4S Secure Sols. (USA) Inc.*,
  156 AD3d 580 (1st Dept 2017) ...............................................................................................5

*Paine Webber Inc. v. Bybyk*,
  81 F.3d 1193 (2d Cir. 1996) ....................................................................................................2

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (U.S., 2010)..................................................................................................2

*Rollag v. Cowen Inc.*,
    No. 20-CV-5138 (RA), 2021 WL 807210 (S.D.N.Y. Mar. 3, 2021).........................................5

*Stewart v. Paul, Hastings, Janofsky & Walker*,
    LLP, 201 F.Supp.2d 291 (S.D.N.Y. 2002) .............................................................................4

*Vargas v. Bay Terrace Plaza LLC*,
    378 F. Supp. 3d 190 (E.D.N.Y. 2019) ..................................................................................2

**Statutes**

Federal Arbitration Act ...................................................................................................1, 5, 6

Fair Labor Standards Act ........................................................................................................5

Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act................................5, 6

**Rules**

Fed. R. Civ. P. 12 ....................................................................................................................2

NY CPLR § 7515................................................................................................................1, 5, 6

**PRELIMINARY STATEMENT**

AAM Holding Corp. ("AAM") dba FlashDancers Gentlemen's Club; 59 Murray St. Enterprises Inc. ("59 Murray") dba FlashDancers Gentlemen's Club; Barry Lipsitz; Barry Lipsitz Jr.; Shaun Doe; Jimmy Doe; and Alaina Doe (collectively, the "Defendants") submit this Reply Memorandum of Law in further support of their Motion to Compel Arbitration and Stay the Action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA") and the Local Rules of this Court.

Plaintiffs' opposition brief does not offer a single persuasive argument that Defendants' motion should be denied. Plaintiffs appear to argue, erroneously, that Defendants' motion should be denied because (1) the arbitration provisions (the "Arbitration Provisions") in the Commissioned Sales Agreements ("CSAs") require Plaintiffs to pay an equal share of the arbitration filing fees and do not require the arbitrator to award attorney's fees to prevailing employees; (2) the Arbitration Provisions include a one-year contractual limitation on the time to bring claims; and (3) CPLR 7515 prohibits arbitration of the discrimination claim alleged in the Amended Complaint.

Plaintiffs are wrong and in fact, their arguments fly in the face of very well-established law. First, as explained in Defendants' opening brief, any argument regarding the unconscionability of the Arbitration Provisions must be submitted to the appointed arbitrator, not the Court. Second, under governing case law, provisions that provide for an equal sharing of arbitration fees and provisions that shorten statutory limitations periods are valid and enforceable. Third, CPLR 7515 does not save Plaintiffs' discrimination claim from arbitration because it is preempted by FAA.

1

Accordingly, and as further argued below, this Court should compel Plaintiffs to arbitrate their disputes and stay the case in its entirety.[1]

## ARGUMENT

### POINT I

### ALL DISPUTES CONCERNING THE ENFORCEABILITY OF ANY OF TERMS OF THE ARBITRATION AGREEMENTS ARE FOR THE ARBITRATOR

In their opposition brief, Plaintiffs entirely ignore that the Arbitration Provisions in their CSAs "clearly and unmistakably" delegate to the arbitrator the sole authority to resolve, among other things, disputes regarding the validity and unconscionability of the agreements:

> **ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS AGREEMENT.**

*See* Exhibit A § 6. This language is also "categorical, unconditional and unlimited" and thus encompasses any dispute over any of the agreements' terms. *See Paine Webber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996). Thus, any challenge based on the alleged unconscionability of the Arbitration Provisions, including the fee-sharing, fee-shifting, and contractual limitations period clauses of the agreements, must be made before an arbitrator, and not the Court. *See Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63 (U.S., 2010) (rejecting a challenge to the fee-sharing provision of the arbitration agreement because the arbitration agreement included a delegation provision); *see also Vargas v. Bay Terrace Plaza LLC*, 378 F. Supp. 3d 190, 197 n.9 (E.D.N.Y. 2019) (noting that an "effective vindication" argument based on a shortened limitations period was for the arbitrator due to the agreement's delegation provision); *Foran v. Nat'l Football League*, No. 18-cv-10857 (ALC), 2019 WL 2408030, at *3 (S.D.N.Y. June 7, 2019) (declining to consider

---

[1] Defendants file their Motion to Compel Arbitration in lieu of answering or moving to dismiss the Amended Complaint. Defendants respectfully reserve their rights to file a subsequent Fed. R. Civ. P. 12(b) motion to dismiss Plaintiffs' Amended Complaint, in whole or in part, if their Motion to Compel Arbitration is denied.

an argument that "concern[ed] the fees and cost provision of the arbitration agreements and not the delegation of authority to the arbitrator" because the delegation clauses required "the arbitrator [to] resolve the arbitrability issues including scope, validity and enforceability").

## POINT II

### NONE OF THE CLAUSES IN THE ARBITRATION PROVISIONS ARE UNCONSCIONABLE

Even if the Arbitration Provisions did not include a delegation clause, Plaintiffs challenge to the Arbitration Provisions based on the agreements' alleged unconscionability is unavailing.

Under New York law, to find a contract unconscionable, there must be a showing of both procedural and substantive unconscionability. *Faith v. Khosrowshahi*, No. 21CV06913JMAJMW, 2023 WL 5278126, at *8 (E.D.N.Y. Aug. 16, 2023). "Procedural unconscionability concerns contract formation and lack of meaningful choice, while substantive unconscionability looks to the content of the contract." *Id*.  Here, Plaintiffs make no argument that the formation of the CSAs involved a lack of meaningful choice. Rather, Plaintiffs arguments merely relate to the substance of the Arbitration Provisions. Specifically, Plaintiffs argue solely that (1) the fee-sharing clause; (2) the alleged lack of a fee-shifting clause; and (3) the contractual limitations period within the Arbitration Provisions are substantively unconscionable. Because Plaintiffs make no argument regarding the purported procedural unconscionability of the Arbitration Provisions, they cannot establish that the agreements are unconscionable.[2]

Plaintiffs have also entirely failed to establish that the provision of the CSAs which requires an equal sharing of the arbitration fees is substantively unconscionable. Courts applying New York

---

[2] While Plaintiffs, in an entirely conclusory manner, reference an "unequal bargaining power" and "failure to provide time for employees to obtain counsel" they do not actually specify the alleged "unequal bargaining power" or any facts suggesting that they were actually prevented from obtaining counsel before signing the agreement. *See Reeves v. Safeguard Properties Mgmt.*, LLC, No. 19-CV-10210 (VSB), 2021 WL 2403538, at *5  (S.D.N.Y. June 10, 2021) (finding that Plaintiff did not establish procedural unconscionability because he did not suggest "that he was not given sufficient time to read the Agreement or prevented from consulting an attorney before signing it.")

3

law have refused to find fee-splitting provisions in arbitration agreements to be unenforceable where plaintiffs have not affirmatively demonstrated that the fee-splitting provisions would preclude them from pursuing their rights in the arbitral forum. *See Kai Peng v Uber Tech., Inc.*, 237 F Supp 3d 36, 57 (E.D.N.Y. 2017); *Brady v. Williams Capital Grp., L.P.*, 14 N.Y.3d 459, 902 N.Y.S.2d 1, 928 N.E.2d 383, 384 (2010) (explaining that plaintiffs carry the burden of demonstrating that splitting the cost of arbitration would prevent them from effectively vindicating their rights) (relying on *Green Tree Financial Corp.–Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)); *see also Stewart v. Paul, Hastings, Janofsky & Walker*, LLP, 201 F.Supp.2d 291, 292–93 (S.D.N.Y. 2002) (finding that because plaintiff had not made a particularized showing about "ability to pay the arbitration fees and costs, the cost differential between arbitration and litigation in court, and whether that cost differential [was] so substantial as to deter the bringing of claims," plaintiff had "not established that the arbitration clause should not be enforced because the fees she would have to pay for arbitration effectively would deny her 'an adequate and accessible substitute forum in which to resolve [her] statutory rights,' much less that it render[ed] the entire agreement to arbitrate unenforceable"). Here, Plaintiffs make no effort whatsoever to demonstrate that an equal sharing of the arbitration fees would preclude them from pursuing their rights in the arbitral forum. Since Plaintiffs have not provided any evidentiary support equal sharing of arbitration fees would preclude them from pursuing their rights, their argument fails.

Furthermore, Plaintiffs' claim that the Arbitration Provisions contain no fee-shifting clause is entirely false. In fact, the agreements explicitly state that "[t]he parties agree that, except as otherwise set forth herein, **any judgment, order, or ruling arising out of a dispute between the**

4

***parties shall***, to the extent permitted by applicable law, ***award costs incurred for the proceedings and reasonable attorneys' fees to the prevailing party***." *See* Exhibit A § 6 (emphasis added).

Plaintiffs' arguments regarding the one-year contractual limitations period in the Arbitration Provision fares no better. Courts have consistently held that an arbitration clause which shortens the limitation period for a claim brought under the NYLL to one year or less is enforceable.[3] *See Hegazy v. Halal Guys, Inc*., No. 22CV01880JHRKHP, 2023 WL 8924092, at *8 (S.D.N.Y. Dec. 27, 2023) ("[w]ith that in mind, Plaintiffs' argument that the Arbitration Agreement is unconscionable because it shortens the limitations period to bring a NYLL claim is unavailing"); *Combs v. Same Day Delivery Inc*., No. 1:22-CV-00520-MKV, 2023 WL 6162196, at *8 (S.D.N.Y. Sept. 20, 2023); *Keller v. About, Inc*., 21-CV-228 (JMF), 2021 WL 1783522, at *3-4 (S.D.N.Y. May 5, 2021). The same applies to discrimination claims. *See e.g.*, *Ortegas v G4S Secure Sols. (USA) Inc*., 156 AD3d 580 (1st Dept 2017). Plaintiffs do not and cannot to case law to the contrary.

Simply put, Plaintiffs have no basis to argue that the Arbitration Provisions are unconscionable or otherwise unenforceable.

## POINT III

### CPLR 7515 DOES NOT PRECLUDE ARBITRATION OF PLAINTIFFS' DISCRIMINATION CLAIMS

Plaintiffs also erroneously argue that CPLR 7515 precludes arbitration of Plaintiffs' discrimination claim.

The Supreme Court has held that any state law that "prohibits outright the arbitration of a particular type of claim.... is displaced by the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S.

---

[3] Defendants waive the Arbitration Provision's contractual limitations period as it applies to Plaintiffs' FLSA claims.

5

333, 341 (2011).[4] "NY CPLR § 7515 is a paradigmatic example of such a law." *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2021 WL 807210, at *6 (S.D.N.Y. Mar. 3, 2021); *see also O'Sullivan v. Jacaranda Club, LLC,* 206 N.Y.S.3d 562, 564 (N.Y. App. Div. 1st Dept. 2024) ("CPLR 7515 was, by its own terms, 'inconsistent' with the federal statute and thus would not apply to invalidate those arbitration clauses"). The FAA permits arbitration of discrimination claims. *See, e.g.*, *Germosen v. ABM Indus. Corp.*, No. 13 Civ. 1978 (ER), 2014 WL 4211347 (S.D.N.Y. Aug. 26, 2014) (holding that claims under Title VII, the ADA, the NYSHRL, and the NYCHRL were subject to mandatory arbitration). Further, the passage of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act does not revive CPLR 7515 to save Plaintiffs' discrimination claim from arbitration. *See Dixon v. Dollar Tree Stores, Inc.*, No. 22-CV-131S, 2023 WL 2388504, at *7 (W.D.N.Y. Mar. 7, 2023), appeal withdrawn, No. 23-504, 2023 WL 6459811 (2d Cir. Aug. 1, 2023). Accordingly, given that the FAA preempts CPLR 7515 and the FAA permits arbitration of discrimination claims, Plaintiffs' discrimination claim is subject to arbitration.

## CONCLUSION

For the reasons stated herein and Defendants' opening brief, Defendants respectfully requests that the Court compel the parties to arbitrate this case and a stay of discovery pending Defendants' Motion to Compel Arbitration.

Dated: New York, New York
May 21, 2024

Respectfully submitted,

**AKERMAN LLP**

By: */s/   Jeffrey A. Kimmel*

---

[4] While the federal Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act prohibits the arbitration of claims related to sexual harassment or sexual assault, there are no allegations of sexual harassment or sexual assault in this case.

6

      Jeffrey A. Kimmel Esq.
      M. Adil Yaqoob Esq.
      1251 Avenue of the Americas, 37th Floor
      New York, New York 10020
      jeffrey.kimmel@akerman.com
      *Attorney for Defendants*